IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIA LIMON § | |
| § | |
| v. § | CASE NO. 5:23-cv-91 |
| § | *(Jury requested)* |
| HECTOR VILLAGRAN HERNANDEZ § | |
| AND TRANSPORTES DE CARGA § | |
| FEMA, SA DE CV, § | |

### DEFENDANTS HECTOR VILLAGRAN HERNANDEZ AND TRANSPORTES DE CARGA FEMA, SA DE CV'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

NOW COMES DEFENDANTS, HECTOR VILLAGRAN HERNANDEZ and TRANSPORTES DE CARGA FEMA, SA DE CV, who hereby remove to this Court the state court action described below, and file this Notice of Removal:

### I. BACKGROUND

1. Plaintiff Maria Limon is a resident of Laredo, Webb County, Texas.[1] Defendant Hector Villagran Hernandez is a citizen and resident of the foreign country, Mexico, specifically, Nuevo Laredo, Mexico.[2] Defendant Transportes De Carga Fema SA DE CV is a Mexican corporation organized under the laws of the State of Mexico, headquartered in the state of Mexico, and whose principal place of business is in Mexico.[3] These facts may be discerned from Plaintiff's Original State Court Petition.[4]

2. On May 3, 2023, an action was commenced in the 406th Judicial District of Webb County, Texas under Cause No. 2023CVA000638D4; *Maria Limon vs. Hector Villagran Hernandez and Transportes De Carga Fema, SA de DV*.[5] Defendants filed their Answer in State

---

[1] *See* Plaintiff's Original Petition attached as Exhibit A.
[2] *See id*.
[3] *See id*; 28 U.S.C. § 1332(a)(1).
[4] *See* Plaintiff's Original Petition attached as Exhibit A.
[5] *See id*.

court on August 17, 2023.[6] Defendants filed their jury demand in state court on that same date.[7]

3. Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a) and LR81.[8]

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending. The incident made the basis of Plaintiff's Petition is a July 2021 motor vehicle accident which occurred in Laredo, Webb County, Texas.[9]

5. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

6. All Defendants who have been served and who have filed an answer consent to this removal.

7. As set forth in detail below, this Court has original jurisdiction over this civil action pursuant 28 U.S.C.A. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. §§ 1441(b); 1446(c).

## II.   BASIS FOR REMOVAL

8. The Federal Court's basic diversity jurisdiction extends to all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.[10] An action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(a)(b) because:

    a. it is a civil action between Plaintiff, a citizen of Texas, and Defendants who are citizens of a foreign country, Mexico[11]; and

    b. it is a civil action wherein the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.[12]

---

[6] *See* Defendants' State Court Answer and Jury Demand attached as Exhibit B.
[7] *Id.*
[8] *Id.*
[9] *See* Plaintiff's Original Petition attached as Exhibit A.
[10] 28 U.S.C. § 1332(a)(1).
[11] *See* Plaintiff's Original Petition attached as Exhibit A.

9. A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[13] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[14] Plaintiff is a citizen of Texas. Defendants are at the time of the filing of this action, citizens and residents of Mexico.[15] Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

10. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant…of a copy of the initial pleading.[16] By filing this removal to this Court by August 28, 2023, a defendant would be compliant with Section 1446(b)(1). Here, Defendants were served on August 17, 2023 and file this removal by August 28, 2023. Therefore, these Defendants are compliant with Section 1446(b)(1).

### III.  AMOUNT IN CONTROVERSY

11. Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of costs and interest ($75,000).[17] In *De Aguilar v. Boeing Co.*, the Fifth Circuit held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy actually exceeds the jurisdictional amount.[18] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[19]

12. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive

---

[12] *See* Exhibit A (Plaintiff's Original Petition), Paragraph 6 ("Plaintiff seeks . . . . monetary relief over $1,000,000.00.").
[13] 28 U.S.C. § 1332(a).
[14] *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1355 (11th Cir.1996).
[15] *See* Plaintiff's Original Petition.
[16] *See* 28 U.S.C.A. §1446(b).
[17] *See* 28 U.S.C.A. §1332(a).
[18] *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1410-11 (5th Cir. 1995).
[19] *Id*. at 1411.

damages.[20] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[21] As applied here, Defendants can meet their burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the clear and direct language of Plaintiff's pleadings. In Paragraph 6(a) of Plaintiff's Original Petition[22], it is stated that, "Plaintiff seeks . . . monetary relief over $1,000,000.00 . . . ."[23] Therefore, the evidence is sufficient for Defendant to meet its burden to prove that the amount in controversy exceeds the removal requirement of $75,000.

## IV.   CONCLUSION

13.   Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[24] Plaintiff is a citizen of the state of Texas. Defendants are citizens of Mexico. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the parties, this Court therefore has original jurisdiction of this action under 28 U.S.C.A. § 1332 and removal of the action to this Court is proper under 28 U.S.C.A. § 1441(a).

---

[20] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[21] *Id*.
[22] *See* Exhibit A.
[23] *Id*.
[24] 28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

      Respectfully submitted,

GOLDMAN & PETERSON PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone: (210) 340-9800
Telecopier: (210) 340-9888
*E-Mail: mail@ljglaw.com
**service by e-mail to this address only**

By: s/ Larry J. Goldman
    LARRY J. GOLDMAN
    "Attorney in Charge"
    State Bar No. 08093450
    Federal Bar No. 341
    Larry@ljglaw.com
    JULIAN R. DOMINGUEZ
    "Of Counsel"
    State Bar No. 24107755
    Federal Bar No. 3529934
    Julian@ljglaw.com

ATTORNEYS FOR DEFENDANTS HECTOR VILLAGRAN HERNANDEZ AND TRANSPORTES DE CARGA FEMA, SA DE CV

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via email on the 25th day of August, 2023.

    Mr. Matthew Powell
    LAW OFFICES OF JOE A. GAMEZ
    1119 Fresno
    P.O. Box 100644
    San Antonio, Texas 78201
    Email: MPowell@JAGamez.com

By: s/ Larry J. Goldman
    LARRY J. GOLDMAN
    JULIAN R. DOMINGUEZ